

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 30, 1951

Hon. James R. Strong
County Attorney
Panola County
Carthage, Texas

Dear Mr. Strong:

Opinion No. V-1222

Re: Sufficiency of the submitted
wording for ballots at an
election on levying farm-to-
market or flood-control taxes.

You request the opinion of this office as to the sufficien-
cy of a proposed form of ballot to be used in the submission to the
voters in connection with the levy of the 30¢ tax for farm-to-market
roads or flood control, or both, as provided in Article 7048a, V.C.S.
The proposed ballot is as follows:

"FOR tax of not exceeding 20¢ on each $100.00
valuation, to be used for the construction and mainte-
nance of Farm-to-Market and Lateral Roads.

"AGAINST tax of not exceeding 20¢ on each $100.-
00 valuation, to be used for the construction and main-
tenance of Farm-to-Market and Lateral Roads.

"FOR tax of not exceeding 10¢ on each $100.00
valuation, to be used for flood control.

"AGAINST tax of not exceeding 10¢ on each $100.-
00 valuation, to be used for flood control."

Section 7 of Article 7048a provides, in part, as follows:

" . . . the proposition submitted to the qualified
taxpaying voters at said election may provide that the
tax at a rate not to exceed thirty cents (30¢) on each
One Hundred Dollars ($100) valuation may be used for
the construction and maintenance of Farm-to-Market
and Lateral Roads or for Flood Control purposes, either
or both, as the Commissioners Court may determine
(in which event the ballots shall have written or printed
thereon, 'For the tax of not exceeding _____ cents on
each One Hundred Dollars ($100) valuation,' and the
contrary thereof, specifying the tax to be voted upon),
or the proposition may provide for a specific maximum
tax for Farm-to-Market and Lateral Roads purposes
and a specific maximum tax for Flood Control purposes,

the total of the two (2) specific maximum taxes not to exceed thirty cents (30¢) on the One Hundred Dollars ($100) valuation (in which event the ballots shall have written or printed thereon, 'For a Farm-to-Market and Lateral Roads tax of not exceeding ____ cents and a Flood Control tax of not exceeding ____ cents, on the One Hundred Dollars ($100) valuation, and the contrary thereof, specifying the specific taxes to be voted upon)." (Emphasis added.)

You will note that the statute states that the proposition may provide that the tax at a rate not to exceed thirty cents may be used for the construction and maintenance of Farm-to-Market and Lateral Roads or for Flood Control purposes, either or both. This language clearly contemplates that the proposition may cover only one of the two purposes. There is no reason why a proposition covering each purpose could not be submitted at the same election. In other words, two separate propositions may be submitted at the same election, one relating to the Farm-to-Market and Lateral Roads tax and one relating to the Flood Control tax.

You have added the language "to be used for the construction and maintenance of Farm-to-Market and Lateral Roads" to the ballot form covering that proposition, and "to be used for flood control" to the ballot form covering that proposition. We think that the addition of this language is proper so that the voter will without question know the proposition upon which he is voting.

<u>SUMMARY</u>

The Commissioners' Court may order an election for the levy of a tax for farm-to-market and lateral roads, and for flood control, and fix a specific maximum tax for each purpose, but both together may not exceed 30¢ on the $100 valuation. Both may appear on the same ballot, but in such form that the voters may adopt one and reject the other, or may reject both or adopt both.

Yours very truly,

PRICE DANIEL
Attorney General

By L. P. Lollar
Assistant

APPROVED:

W. V. Geppert
Taxation Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

LPL/mwb